UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY P. LAHEY,

      **Plaintiff,**

v.                                   Civil Action 2:22-cv-3470
                                      Judge Michael H. Watson
                                      Magistrate Judge Chelsey M. Vascura

DENNIS WILLIAM LAHEY,

      **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Timothy P. Lahey, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 3.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2).

                **I.**         **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> * * *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action"

2

is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)) (internal citation omitted).

## II. ANALYSIS

Plaintiff's Complaint lacks clarity and contains numerous "irrational or wholly incredible" allegations. Plaintiff's Complaint, a single handwritten page, is made up entirely of disjointed and ungrammatical phrases, such as "Announcement of BOXER REBELLION 1901," "Best Western Banquet NO MARRIAGE," "Wayne County Probate TREASON NO ATTORNEY," and "Watermain breaks Sarasota Florida." (ECF No. 1.) Further, although Dennis William Lahey is listed in the caption as a Defendant, the only mention of Dennis William Lahey in the remainder of Plaintiff's Complaint comes in the midst of an unintelligible series of persons and events: "Year 1998 Mary C. Lahey Praecipe Akron Bar Association v. Tandy Corp. Dennis W. Lahey, Bill Zufall." (*Id.*)

The undersigned concludes that Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant(s) violated Plaintiff's rights. Thus, Plaintiff has failed to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the allegations Plaintiff sets forth in his Complaint are so nonsensical as to render his Complaint frivolous. For these reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

### III.   DISPOSITION

For the reasons set forth above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) is **GRANTED**. It is **RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE